JAMES HUBBARD *v.* GEORGE W. HUNT.

*Trespass. Bailment. Liability.*

A rode with B from Barton to Newport, knowing that B had hired the team to go only to Barton, but exercised no control over it. *Held,* that A was not liable as a trespasser to the bailor of the team.

TRESPASS for a horse, wagon and harness. Plea, the general issue. Trial by jury, June term, 1868, STEELE, J., presiding. Verdict for the defendant.

The plaintiff's evidence tended to show that the defendant (Hunt) with one Hubbard Quimby, now of parts unknown, hired said horse, wagon and harness, to go to Lyndon Centre and no further, and that the said Hunt and Quimby, without right, drove said horse and wagon from Lyndon Centre to Barton, and thence

to Irasburgh, and from there to Newport, Vermont, where they left said team and never returned the same to the plaintiff; and that the plaintiff was put to large expense in recovering his team, and, by reason of heavy rains, the roads were almost impassable, and that his horse was much injured, as was likewise his wagon.

The defendant gave evidence tending to show that he had nothing to do with the hiring of the team; that the said Hubbard Quimby informed him that he had hired the team to go to Barton, and invited the defendant to ride with him, as the defendant was going to take the train that night to go north to Newport and Canada, and, at the invitation of said Hubbard Quimby, rode with him. The plaintiff's counsel requested the court to charge the jury, if they found that Quimby hired the team to go to Barton and no further, and so informed the defendant (Hunt) as his evidence tended to show, that when Hunt went with Quimby in said team from Barton to Irasburgh and Newport, he became equally a trespasser with the said Quimby, and liable to said action; but the court refused so to charge the jury, but did charge them that though the said defendant knew said Quimby hired the team to go to Barton and no further, still, if he merely rode from Barton, by invitation of said Quimby, and exercised no control over the team, he would not be liable. To the refusal to charge as requested, and to the charge as made, the plaintiff excepted.

George C. & George W. Cahoon, for the plaintiff, cited Riford v. Montgomery, 7 Vt., 411; Swift v. Mosely et al., 10 Vt., 208; Edwards v. Edwards, 11 Vt., 589; Grant v. King, 14 Vt., 367; Buckmaster v. Mower et al., 21 Vt., 204; Gray v. Stevens, 28 Vt., 1; Strong v. Adams, 30 Vt., 221; Courtis v. Cane, 32 Vt., 232; Bucklin v. Beals et al., 38 Vt., 653; Tinker v. Morrill et al., 39 Vt., 477; Doty v. Hawkins, 6 N. H., 247.

O. S. Burke and W. A. Pierce, for the defendant, cited Langdon et al. v. Bruce, 27 Vt., 657; Stone v. Knapp, 29 Vt., 501.

The opinion of the court was delivered by

WILSON, J. This is an action of trespass for a horse, wagon and harness, and comes into this court on exceptions taken by

.the plaintiff to the refusal of the court to charge as requested, and to the charge as made. The plaintiff's counsel requested the court to charge the jury, " If they found that Quimby hired the team to go to Barton, and no further, and so informed the defendant, Hunt, as his evidence tended to show, that when said Hunt went with said Quimby in said team from Barton to Irasburgh and Newport, he became equally a trespasser with said Quimby, and liable to said action." We think the plaintiff's request was properly refused. No question was made but that the defendant rode with Quimby, in the team, from Barton to Newport, and the defendant's evidence does not tend to show that Quimby hired the team to go any further than Barton, or that the defendant supposed that Quimby hired the team to go to Newport; so that, upon the plaintiff's theory of the case as indicated by his request, if it had been sound law, there would not have been much, if any thing, against a verdict for the plaintiff. The plaintiff's request goes upon the ground that the fact that the defendant merely rode with Quimby with knowledge that Quimby hired the team to go to Barton, and no further, made the defendant a trespasser, even though he exercised no control over the team or Quimby. This proposition of the plaintiff can not be sustained by the authority of any well considered case, nor upon principle. To constitute the defendant a trespasser it was not necessary for the plaintiff to prove that the defendant had any knowledge or information as to the terms of the bailment of the team to Quimby; but the question whether the defendant was liable depended upon his own acts in respect to the team, and not on his information as to whether Quimby had a right to go with the team from Barton to Newport. Suppose that Quimby had overtaken the defendant just after he left Barton for Newport and invited him to ride, saying to him that he hired the team to go only to Barton, but had concluded to go on to Newport, and the defendant had accepted the invitation, riding with Quimby, but exercising no control over the team, it would be a very harsh rule to hold that riding with Quimby, under such circumstances, either with or without knowledge that Quimby would, by going to Newport, exceed his authority as to the use of the team, would constitute

the defendant a trespasser. Again, suppose that Quimby had told the defendant, and he had no knowledge or belief to the contrary, that he (Quimby) hired the team to go to Barton and from that place to Newport, and the defendant had, in going from Barton to Newport, exercised control over the team, he would be a trespasser, if the use of the team from Barton to Newport was not authorized by the owner, notwithstanding his ignorance of the fact that Quimby hired the team to go to Barton and no further. As to the charge given to the jury, the court told them "That though the defendant knew said Quimby hired the team to go to Barton and no further, still, if he rode from Barton, by invitation of Quimby, and exercised no control over the team, he would not be liable." By the charge the only question in the case was briefly and correctly presented to the jury. The words in the charge, "if the defendant merely rode from Barton, by invitation of said Quimby, and exercised no control over the team, he would not be liable," cover the whole ground. They made the plaintiff's right of recovery depend on the finding of the jury that the defendant did exercise control over the team; and from the charge the jury must have understood that, if they found that the defendant, by his acts or declarations, either directly or through Quimby, in respect to the team, did exercise control over it, the plaintiff would be entitled to recover; but the jury failing to find such fact, the defendant was entitled to their verdict.

The judgment of the county court is affirmed.